IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN EDWARD PRESTON, | § | |
| TDCJ-CID NO. 459126, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-10-1647 |
| | § | |
| RICK THALER, | § | |
| Respondent. | § | |

MEMORANDUM AND ORDER ON DISMISSAL

Petitioner, proceeding *pro se*, seeks federal habeas relief
from his 1987 conviction for murder in the 230th State District
Court of Harris County, Texas, in cause number 468249.  For the
reasons that follow, the Court will dismiss the petition pursuant
to 28 U.S.C. § 2244(d) because it is barred by the governing
statute of limitations.

I.  PROCEDURAL HISTORY

Petitioner was convicted on July 31, 1987, in the 230th
Criminal District Court of Harris County, Texas, of the felony
offense of murder and sentenced to sixty years imprisonment in
cause number 468249.  (Docket Entry No.1).  Petitioner's conviction
was subsequently affirmed, and his Petition for Discretionary
Review ("PDR") was refused on May 25, 1988.  Preston v. State, No.
01-87-00676-CR, 1988 WL 18448 (Tex. App.–Houston [1st Dist.] 1988,
pet. ref'd).  Although petitioner did not file a petition for writ
of *certiorari* with the United States Supreme Court, his time to do
so expired ninety days after the PDR was refused.  Sup. Ct. R. 13.1.

Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about August 25, 1988. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's first state habeas application, filed on November 7, 1990, was denied without written order on the trial court's findings without a hearing by the Texas Court of Criminal Appeals on February 27, 1991. Texas Court website.[1] His second state habeas application, filed on September 24, 2007, was dismissed as an abuse of the writ on October 17, 2007. Id.[2] His third state habeas application was denied without written order by the Texas Court of Criminal Appeals on May 19, 2010. Id.[3]

Petitioner executed the pending federal petition for a writ of habeas corpus on May 4, 2010. (Docket Entry No.1). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Lindh v. Murphy, 521 U.S. 320 (1997).

Petitioner seeks federal habeas relief on the following grounds:

1.  The state district court lacked jurisdiction and violated his right to due process and its ministerial duty by failing to make known the consequences of his plea of guilty.

---

1  http://www.cca.courts.state.tx.us/opinons/EventInfo.asp?EventID=1675176

2  http://www.cca.courts.state.tx.us/opinons/EventInfo.asp?EventID=2307286

3  http://www.cca.courts.state.tx.us/opinons/EventInfo.asp?EventID=2407879

2.    Petitioner's guilty plea was involuntary;

3.    He was denied the effective assistance of counsel, and,

4.    The judgment does not comport with the record.

(Docket Entry No.1).

II.  <u>ONE-YEAR STATUTE OF LIMITATIONS</u>

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual

3

> predicate of the claim or claims
> presented could have been discovered
> through the exercise of due
> diligence.

(2) The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the pertinent
judgment or claim is pending shall not be
counted toward any period of limitation under
this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became

effective on April 24, 1996, and applies to all federal habeas

corpus petitions filed on or after that date. Flanagan v. Johnson,

154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh, 521 U.S. 320).

Because petitioner's petition was filed well after that date, the

one-year limitations period applies to his claims. See Flanagan,

154 F.3d at 198.

Although the statute of limitations is an affirmative defense,

the courts are authorized to raise such defenses sua sponte in

habeas actions. Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir.

1999). This Court may therefore properly determine at the outset

whether petitioner's petition is timely or not. As noted above,

under AEDPA, petitioner's one-year limitation period began on or

about May 25, 1988, the last day petitioner could have filed a

petition for a writ of certiorari with the Supreme Court of the

United States. SUP. CT. R. 13.1. That date triggered the one-year

limitations period which expired on or about August 25, 1988.

4

Because the limitations period found in AEDPA was not enacted until April 24, 1996, the Fifth Circuit has recognized that habeas petitioners whose convictions are final before that date are entitled to reasonable notice of the one-year limitations period. United States v. Flores, 135 F.3d 1000, 1004 (5th Cir. 1998) (discussing a habeas corpus application filed under 28 U.S.C. § 2255). In that regard, the Fifth Circuit has determined that one year, commencing on April 24, 1996, is a reasonable period. Id. at 1006. Petitioners challenging state convictions that were final before AEDPA's enactment are entitled to the same notice period. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999) (citing Flanagan, 154 F.3d at 201-02). Therefore, petitioner had until April 24, 1997, to file his federal writ unless he had a state application for a writ of habeas corpus pending. If petitioner had properly filed a state application before April 24, 1997, the pending application would have tolled the limitations period. Fields v. Johnson, 159 F.3d 914, 915-16 (5th Cir. 1998). Petitioner, however, filed his first state application for habeas corpus relief years before April 24, 1996; he filed his second and third state habeas applications years after limitations expired. Therefore, he is not entitled to the tolling provisions found in § 2244(d)(2).

In his response to the Court's Order of May 13, 2010, ordering petitioner to file a written statement addressing the limitations

5

bar and equitable tolling (Docket Entry No.4), petitioner claims that the issues he has raised in his habeas petition are jurisdictional and carry no procedural default; therefore, section 2244(d) does not apply. (Docket Entry No.5). For this reason, he does not seek equitable tolling of the limitations period. (Id.).

This Court agrees with other federal district and circuit courts holding that a federal habeas petitioner cannot "evade the effect of the statute of limitations by the simple expedient of arguing that his conviction is void." Randall v. Director, TDCJ-CID, Civil Action No.2:07-CV-0204, 2008 WL 2128231, at *2 (E.D. Tex. May 16, 2008); see also Nortonsen v. Reid, 133 Fed. App'x 509, 510-11, 2005 WL 1253964, at *1-2 (10th Cir. 2005) (holding that a petitioner cannot avoid dismissal on limitations grounds by arguing that his state sentence is void); Madina v. Cain, Civil Action No.05-2126, 2006 WL 2726506, at *3 (E.D. La. Sept. 20, 2006) (rejecting novel argument that AEDPA limitations period runs only on sentences which were validly imposed); Willis v. Dretke, Civil Action No.3:03-CV-1284-G, 2005 WL 39053, at *3 (N.D. Tex. Jan. 6, 2005) (holding petitioner not entitled to equitable tolling of AEDPA statute of limitations based on argument that trial court lacked jurisdiction); U.S. v. Fisher, Civil Action No. 3:08-CV-1609-D, 2008 WL 5061670, at *3 (N.D. Tex. Nov. 25, 2008) (same). "Although a petitioner's claim that his conviction is void may provide a basis for habeas relief if proven, it

provides no basis for statutorily or equitably tolling the AEDPA limitations period under either existing case law or provisions of the federal statute itself." Sherman v. Thaler, No.H-09-1409, 2010 WL 1994348 at *2 (S.D. Tex. May 17, 2010).

Petitioner is incarcerated and is proceeding without counsel; nevertheless, his ignorance of the law does not excuse his failure to timely file his petition. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999). Moreover, petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. 28 U.S.C. § 2244(d)(1)(C), (D).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

7

presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).   Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001).   On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beazley, 242 F.3d at 263 (quoting Slack, 529 U.S. at 484); see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000).   A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).   The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

IV.   CONCLUSION

Accordingly, the Court ORDERS the following:

1.   Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2.    This cause of action is DISMISSED with prejudice.

3.    A certificate of appealability is DENIED.

4.    All pending motions, if any, are DENIED.

Signed at Houston, Texas, on _August 23_, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

9